UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on January 28, 2021

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | GRAND JURY ORIGINAL |
| REY RIVERA RUIZ, also known as "Gordo," JANN JOUSTEN APONTE RIVERA, also known as "Jann," and "Menor," MICHAEL GABRIEL HERNANDEZ RIVERA, also known as "Mikey," and NOMAR FRANCISCO MEDINA DIAZ, also known as "Nomar," | : | VIOLATIONS: 21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine) FORFEITURE: 21 U.S.C. §§ 853(a), (p) |
| Defendants. | : | |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

From on or about May 2020, to April 1, 2021, within the District of Columbia, the District of Maryland, and the District of Puerto Rico, and elsewhere, **REY RIVERA RUIZ, also known as "Gordo," JANN JOUSTEN APONTE RIVERA, also known as "Jann" and "Menor," MICHAEL GABRIEL HERNANDEZ RIVERA, also known as "Mikey," and NOMAR FRANCISCO MEDINA DIAZ, also known as "Nomar,"** did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 5 kilograms or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

**(Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine**, in violation of Title 21, United States Code, Section 846)

## FORFEITURE ALLEGATION

1.  Upon conviction of the offense alleged in Count One of this Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense. The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense.

2.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third party;
    c.  has been placed beyond the jurisdiction of the Court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:

FOREPERSON.

Channing D. Phillips/DATB
Attorney of the United States in
and for the District of Columbia.