UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JANN JOUSTEN APONTE RIVERA,<br><br>Defendant. | Criminal Action No. 21-270 (JEB) |

## MEMORANDUM OPINION

Jann Jousten Aponte Rivera is one of several Defendants allegedly involved in a wide-ranging conspiracy to traffic narcotics from Puerto Rico into the District of Columbia and Maryland between October 2019 and April 2021. He is also charged with shooting and killing a woman named Shantay Butler in the course of that conspiracy. With trial set for late October, the Government moves for leave to introduce evidence of two other bad acts in its case-in-chief: (1) a Summer 2020 dispute over unpaid drug money in which Aponte Rivera allegedly held a gun to a co-conspirator's head; and (2) a December 23, 2020, robbery in Catano, Puerto Rico, in which he allegedly shot and killed another individual with the assistance of a co-conspirator. The Court will grant the Motion in substantial part. The handgun-assault incident shall be admitted without limitation. Certain facts regarding the robbery-murder incident shall also be admitted — provided, however, that the Government may not disclose to the jury evidence of the killing itself, at least for now.

I.     **Background and Legal Standard**

In May 2022, a grand jury returned a four-count superseding indictment against three Defendants for multiple narcotics- and firearm-related offenses. Among them was Aponte

1

Rivera, who was charged with the following counts: Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846 (Count I); Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848(a) and (e)(1)(A) (Count III); and Causing Death Through the Use of a Firearm During and in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 924(j)(1) (Count IV). See ECF No. 47 (Superseding Indictment). The Government has now filed a Motion to admit the aforementioned bad-acts evidence pursuant to Federal Rule of Evidence 404(b).

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence, however, is admissible for other purposes, including "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); see also United States v. Appiah, 2020 WL 3469688, at *6 (D.D.C. June 25, 2020) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.") (quoting United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990)).

It is a threshold question whether the proffered evidence constitutes "any other" act, as required to trigger Rule 404(b) — that is, whether the evidence is "intrinsic" or "extrinsic" to the charged crime. United States v. McGill, 815 F.3d 846, 879 (D.C. Cir. 2016). Our Circuit has rejected the rule embraced by other courts that evidence is intrinsic merely if it "completes the story of the charged crime," as "all relevant prosecution evidence explains the crime or completes the story to some extent." Id. (cleaned up). Intrinsic evidence, rather, "is limited to acts that are 'part of the charged offense' itself or that are 'performed contemporaneously with the charged crime . . . if they facilitate the commission of the charged crime.'" Id. at 883

(quoting United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000)). Where, as here, "the indictment contains a conspiracy charge, uncharged acts may be admissible as direct [*i.e.*, intrinsic] evidence of the conspiracy itself." Id. at 881 (cleaned up).

Evidence intrinsic to the charged crime and extrinsic evidence that withstands scrutiny under Rule 404(b) may nevertheless be barred by Rule 403 if the risk of "unfair prejudice" associated with it — including the forbidden propensity inference — "substantially outweigh[s]" its probative value. See McGill, 815 F.3d at 880 ("[E]vidence of other crimes or acts having a legitimate nonpropensity purpose . . . may nevertheless contain the seeds of a forbidden propensity inference[,] . . . [and thus] Rule 403's balancing of prejudice and probativeness may still bar the introduction of [the] evidence.") (internal quotation marks omitted); United States v. Straker, 800 F.3d 570, 589 (D.C. Cir. 2015) (similar). Rule 403's "requirement that the danger of unfair prejudice substantially outweigh probative value calls on [the court], in close cases, to lean towards admitting evidence." Straker, 880 F.3d at 589.

**II.   Analysis**

   A.   Summer 2020 Handgun-Assault Incident

The Government first seeks to admit evidence of the handgun-assault incident primarily on the ground that it is "intrinsic" to the charged conspiracy and thus not even subject to Rule 404(b). It alleges that at some time during the summer of 2020, Aponte Rivera traveled from Puerto Rico to the D.C. area on behalf of co-defendant Rey Rivera Ruiz to meet with a co-conspirator and, while there, threatened him with a gun during a dispute over unpaid drug money. See ECF. No. 62 (Mot.) at 5. The Court agrees that this evidence is not subject to Rule 404(b) because it is part and parcel of the very drug conspiracy for which Aponte Rivera has been indicted.

3

To begin, the incident occurred within the conspiracy period (October 2019 to April 1, 2021). In addition, using a firearm to coerce the payment of funds associated with the sale of drugs plainly facilitates a conspiracy to traffic the same. See United States v. Edwards, 889 F. Supp. 2d 47, 48, 50 (D.D.C. 2012) (concluding that incident in which defendant "threatened a co-conspirator with a gun under the belief that the co-conspirator had stolen a large sum of money and several kilograms of cocaine" was intrinsic evidence of the conspiracy itself partly because it "represented an attempt to protect both the object of (cocaine) and proceeds of (currency) the conspiracy"). Although Defendant speculates that the assault could have occurred "for any number of reasons" unrelated to the conspiracy, he does not meaningfully contest the basic facts of what transpired. See ECF No. 76 (Def. Response) at 2.

Evidence of this incident, moreover, would not generate sufficient unfair prejudice to warrant exclusion: "[T]he evidence, by its very nature, could not lead to an unfair inference that Defendant is 'prone' to commit the crime charged because the [handgun assault is itself] alleged to be part and parcel to the crime charged." United States v. Lerma-Plata, 919 F. Supp. 2d 152, 160 (D.D.C. 2013). Defendant's conclusory assertion that this incident would "confuse" and "mislead" the jury does not persuade the Court otherwise. See Def. Response at 2. The evidence shall therefore be admitted without limitation.

### B. December 2020 Robbery-Murder Incident

The Government also seeks to introduce evidence of the robbery-murder incident on December 23, 2020. It concedes, as a preliminary matter, that the incident "does not appear to have been in furtherance of the drug trafficking conspiracy" and is thus subject to Rule 404(b)'s restrictions. See Mot. at 8. It contends, however, that the evidence is admissible for a raft of non-propensity purposes. Id. Extrinsic bad-act evidence is admissible under Rule 404(b) only if

it is "probative of a material issue other than character" and passes muster under Rule 403. Miller, 895 F.2d at 1435 (citation omitted). The Court agrees that the robbery-murder incident is relevant to several non-propensity purposes that bear on Defendant's involvement in the drug-trafficking conspiracy and Butler's murder. It took place only two-and-a-half months after and less than three kilometers from the place of Butler's murder. See Mot. at 2, 7. Both murders also involved the same co-conspirators: the same individual provided the gun Defendant used in both, and the same individual picked up and dropped off Defendant from the scene of both crimes. Id. at 7.

As the Government correctly notes, these similarities help to "demonstrat[e] the relationship between the various co-conspirators, the modus operandi of the defendant, his access to firearms, his common scheme or plan and motive, as well as his intent, to murder Shantay Butler." Id. at 8. The incident is probative of each of those issues independent of any inference that Defendant has a propensity for murder. See, e.g., United States v. Mosquera-Murillo, 153 F. Supp. 3d 130, 182–83 (D.D.C. 2015), aff'd, 902 F.3d 285 (D.C. Cir. 2018) (concluding that 404(b) evidence was "probative of [co-conspirators'] specific pattern of partnering with each other . . . to engage in conduct . . . that was substantially similar to the scheme for which the defendants will be tried"); United States v. Bell, 795 F.3d 88, 99 (D.C. Cir. 2015) (concluding that evidence of uncharged murder was "admissible to show use of and familiarity with firearms"); see also United States v. Mathis, 216 F.3d 18, 26 (D.C. Cir. 2000) ("In a conspiracy prosecution, the government is usually allowed considerable leeway in offering evidence of other offenses to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to explain to the jury how the illegal relationship between the participants in the crime developed.") (cleaned up).

Whether such evidence survives Rule 403, however, is a closer question. Despite its relevance to several material issues in this case, the robbery-murder incident undoubtedly elevates the risk that the jury would improperly infer that Defendant has a propensity for murder and is therefore guilty of Count IV. Cf. United States v. Coleman, 552 F.3d 853, 860 (D.C. Cir. 2009) ("[M]anifest prejudice can result when the jury is informed of a prior conviction that is similar to the charged offense."); United States v. Jackson, 2021 WL 5711941, at *2 (D.D.C. Dec. 2, 2021) (noting, in context of impeaching testifying defendant, that "danger of unfair prejudice is enhanced" whenever impeachment evidence is crime "similar to the crime now charged") (quoting 28 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6134 (2d ed.)). In addition, to introduce evidence of a crime as serious as murder cannot help but give a jury reason to want to convict anyone before it.

Because the Government can still demonstrate Defendant's relationship with co-conspirators, access to firearms, and other material issues for which it seeks to admit this evidence without specifically disclosing that a person was shot and killed — the most incendiary and prejudicial detail — the Court will admit evidence of the incident, including the discharge of the weapon, but not its result. See, e.g., Straker, 800 F.3d at 591 (affirming admission of 404(b) evidence where district court "prevented the government from soliciting testimony about particularly prejudicial details"); United States v. Morrow, 2005 WL 3159572, at *31 (D.D.C. Apr. 7, 2005) (noting that "features of the [potential 404(b)] incident may be shorn from presentation" to mitigate prejudice). The parties are advised, however, that the Court may broaden or narrow this restriction as the evidence and circumstances at trial require.

**III.     Conclusion**

The Court, accordingly, will grant the Government's 404(b) Motion, except that, as to the robbery-murder incident, the Government may not disclose the result of the shooting. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  October 12, 2023